■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. THOMAS, Appellant.— In a *coram nobis* proceeding to vacate a judgment of the County Court, Nassau County, rendered January 25, 1963, upon defendant's guilty plea, order of said court dated February 9, 1967 and made without a hearing, which denied the application, reversed, on the law, and proceeding remitted to the County Court, Nassau County, for a hearing and new determination, in accordance with the views herein set forth. No questions of fact were considered on this appeal. Defendant's allegations in this proceeding are that after his arraignment he was visited in jail by a detective, who told him that, in return for his co-operation with the police, the District Attorney would see to it that he would receive a sentence of not more than five years; that if he refused to co-operate the District Attorney would submit a false affidavit of confession and would see to it that he would receive the maximum sentence; that on two other occasions different police officers visited him in jail and advised him that it would be better if he co-operated; that he was then visited by his attorney and the District Attorney and promised a sentence not to exceed five years; that when he appeared in court he refused to accept the offer and expressed a wish for a jury trial; that the court then advised him that he had better take the offered plea and recessed the hearing to give him (defendant) an opportunity to reconsider his refusal to accept the offer; that during the recess an Assistant District Attorney visited him and told him that if he insisted upon a trial, he (the prosecutor) would see to it that he would be convicted on all counts, 24 in number, and that he would receive the maximum punishment. It is further alleged that his attorney was fully aware of all the facts. Defendant contends that by reason thereof he pleaded guilty and that his plea was the product of fear, coercion and fraud on the part of the District Attorney and the trial court. In our opinion, the factual allegations of threats

and coercion by the District Attorney and the Judge are sufficient on their face to require a hearing (*People* v. *Picciotti,* 4 N Y 2d 340; *People* v. *Zilliner,* 14 N Y 2d 834; *People* v. *Glasper,* 14 N Y 2d 893; *People* v. *Lake,* 14 N Y 2d 790; *People* v. *Mittel,* 29 A D 2d 656). Beldock, P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.